In the Matter of the Application of MARTHA FRANCES KING, Respondent, to Compel W. H. K. DAVEY, Appellant, an Attorney at Law of the State of New York, to Pay over Certain Moneys.

First Department, November 3, 1916.

**Attorney and client — deposit of money with attorney for investment — remedy where attorney acts as business agent — summary proceeding does not lie.**

Where an attorney at law who had collected moneys in his professional capacity is requested by his client to hold and invest said moneys, he became a business agent for the latter purpose and no longer holds the moneys in his professional capacity. Hence, where he has wasted the

moneys by improper investment the client cannot proceed against him summarily by motion to compel him to pay over, even though he may be subject to disciplinary proceedings by the court. The client must enforce her rights by action.

APPEAL by the attorney, W. H. K. Davey, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of July, 1916, requiring him in a summary proceeding to turn over to his client certain moneys which he had collected in his official relation, but which were afterwards invested by him improvidently for said client.

*C. E. Sutherland,* for the appellant.

*James J. Wilson,* for the respondent.

SMITH, J.:

The petition recites that in the month of December, 1911, " the said Davey received from your petitioner, *to hold, invest and care for in her behalf* and to pay to her on demand, a certain sum of money, to wit, $2,953.90;" that thereafter certain sums were paid to her, and she demanded an accounting and return to her of all moneys over and above the amount due him for his services. These moneys, it seems, were collected by Davey as attorney for her in certain proceedings in Surrogates' Courts, so that he clearly received the money in his professional capacity as attorney. His affidavit, however, which is not here disputed, states that he was requested by her to invest the money in his hands so received; that he has invested the moneys in various ways, and loaned to one Alton the sum of $1,200. Payments were made upon that loan which have been turned over to his client, and it has been found that there is still due on said loan which has not been paid over to her the sum of $305. There is in fact about $700 remaining unpaid on the loan, but the attorney himself has advanced to her moneys, so as to leave the balance due $305. This $305 the Special Term has directed the attorney to pay over to her in this proceeding. The attorney appeals.

The sole question would seem to be whether moneys collected as attorney and thereafter invested by the attorney at the

client's request can be reached in this proceeding against the attorney. It seems to have been held in several cases that moneys given to an attorney to invest simply are not given to him as an attorney but as a business agent, and they cannot be collected from the attorney through this summary proceeding. (*Matter of Langslow*, 167 N. Y. 320.) In the case at bar the moneys were not loaned to the attorney, but the attorney authorized to invest actually invested the money improvidently. I cannot see that it matters whether or not the money came into his hands as an attorney, if he was authorized to invest it for her thereafter. It would seem to me that he was investing it for her not as an attorney but as a business agent, and while he of course is liable for any negligence or improvident investment which was the result of negligence, he is not, I think, liable in this summary proceeding, although he may be subject to disciplinary proceedings. " For wrongs done by an attorney in his professional character he may be summarily proceeded against, but for acts done by him merely as a man of business, the person aggrieved by his misconduct is left to the remedy by action, although the court, in order to protect the public, maintain the integrity of the legal profession, and protect it from the influence of a vicious member, may discipline or disbar the offender." (*Matter of Langslow, supra.*) His affidavit to the effect that he was authorized to invest for her would seem to be corroborated by her own petition, in which she states that he received these moneys to invest for her.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the application denied, without costs.

CLARKE, P. J., SCOTT, DOWLING and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, without costs.